UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID YURMAN ENTERPRISES LLC, DAVID YURMAN IP LLC, AND YURMAN RETAIL NORTH AMERICA LLC, | ) ) ) ) |
| Plaintiffs, | ) No. 1:21-cv-10821 (RA) |
| v. | ) **Jury Trial Demanded** |
| MEJURI, INC. and MEJURI (US), INC., | ) ) |
| Defendants. | ) |

### DAVID YURMAN ENTERPRISES LLC, DAVID YURMAN IP LLC, AND YURMAN RETAIL NORTH AMERICA LLC'S ANSWER TO MEJURI, INC. AND MEJURI (US), INC.'S COUNTERCLAIMS

Plaintiffs/Counterclaim-Defendants David Yurman Enterprises LLC, David Yurman IP LLC, and Yurman Retail North America LLC ("Yurman" or "Plaintiffs"), by their attorneys, hereby answer the Counterclaims of Defendants/Counterclaim-Plaintiffs Mejuri, Inc. and Mejuri (US), Inc. (together, "Mejuri" or "Defendants") (ECF No. 16):

### PRELIMINARY STATEMENT

For more than four decades, Yurman has designed, manufactured, promoted, marketed and sold unique fine jewelry products. Today, Yurman is one of the leaders in jewelry design, with products that are instantly recognizable, highly acclaimed and widely known across the world. Yurman has invested hundreds of millions of dollars in advertising its jewelry products.

Mejuri, in contrast, copies and produces the designs of established jewelry brands, like Yurman, while touting (through flashy social media ads) that it offers these copied designs at lower prices.  Mejuri's counterclaims are a baseless attempt to distract from this conduct, its own lack of creativity and innovation (*see* Complaint ¶¶ 6-10; 60-101; and Table 2 below), and the questionable quality of its designs (*see* Complaint ¶¶ 82-86; and Table 1 below). As the

Complaint sets forth, Mejuri has engaged in a pattern of blatant and willful copying in an effort to exploit Yurman's brand, capitalize on the goodwill Yurman has built over the past forty years and cause confusion among consumers in the marketplace.

## MEJURI'S COUNTERCLAIMS

1.     Yurman denies that the claims asserted in its Complaint are without merit, and further denies the allegation that Defendants are "innovative" and "make high-quality fine jewelry."  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and on that basis denies them.

2.     Yurman denies the allegations in paragraph 2.

3.     Yurman admits that its Complaint "alleges a likelihood of confusion" between Defendants' products and Yurman products.  Yurman denies the remaining allegations in paragraph 3.

4.     Yurman admits that it issued the December 17, 2021 press release referenced by Defendants in paragraph 4.  Yurman denies the remaining allegations in paragraph 4 and avers that, as shown in Yurman's Complaint and again in Table 2 set out below, Defendants' products are not "independently designed and developed."

5.     Yurman admits that its Complaint alleges that Defendants' marketing and advertising efforts create an association between Yurman and Defendants.  Yurman denies the remaining allegations in paragraph 5, including that Defendants' "central mission is to differentiate itself from other companies in the jewelry industry."

6.     Yurman admits that its Complaint alleges that Defendants used model Emily Didonato to promote Defendants' jewelry after Yurman posted a selfie taken by Ms. Didonato using its official Twitter account.  Yurman denies the remaining allegations in paragraph 6.

7.     Yurman denies the allegations in paragraph 7.

8.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 8.

## THE PARTIES

9.     Yurman admits the allegations in paragraph 9.

10.    Yurman admits the allegations in paragraph 10.

11.    Yurman admits the allegations in paragraph 11.

12.    Yurman admits the allegations in paragraph 12.

13.    Yurman admits the allegations in paragraph 13.

## JURISDICTION

14.    Yurman admits the allegations in paragraph 14.

15.    Yurman admits the allegations in paragraph 15.

16.    Yurman denies that the conclusions of law alleged by Defendants in paragraph 16 are correct.

## VENUE

17.    Yurman admits the allegations in paragraph 17.

## FACTUAL BACKGROUND

**A.     Mejuri's Founding and Mission**

18.    Yurman denies the allegations in paragraph 18 to the extent that they allege that Defendants' products are "fine" and/or "high quality."  To the extent that paragraph 18 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and on that basis denies them.

19.     To the extent that paragraph 19 purports to quote from Defendants' promotional or advertising materials and other publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them and refers to those materials themselves for a true and correct statement of their contents. Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and on that basis denies them.

20.     Yurman denies the allegations in paragraph 20 to the extent that they allege that Defendants' products are "fine" and/or "high quality," and avers that, as the information contained in the Complaint and in Table 1 below demonstrates, Mejuri's products are not "fine" or "high quality."   Yurman further avers that, as shown in Table 1 below, even Mejuri's own customers' posts on social media indicate that they have pervasive quality problems.   To the extent that paragraph 20 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.   Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and on that basis denies them.

**Table 1**



https://www.instagram.com/p/CQW4dvDhmDc/?utm_source=ig_web_copy_link



https://www.instagram.com/p/CP1VUNTBS1A/?utm_source=ig_web_copy_link



https://www.instagram.com/p/CPvpZCQBkTe/?utm_source=ig_web_copy_link



https://www.instagram.com/p/CI_xfZ3HlKY/?utm_source=ig_web_copy_link



https://www.instagram.com/p/CWWDC3TvP3p/?utm_source=ig_web_copy_link



https://www.instagram.com/p/CWqUrMqL98i/?utm_source=ig_web_copy_link

21.     To the extent that paragraph 21 purports to quote from Defendants' promotional or advertising materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and on that basis denies them.

22.     To the extent that paragraph 22 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and on that basis denies them.

**B.     Mejuri's Designs Are Not Unique and Innovative**

23.     To the extent that paragraph 23 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis denies them.

24.     Yurman denies the allegation in paragraph 24 that Defendants' design process "starts from unique conception," and avers, on information and belief and as supported in the Complaint, that Defendants are serial copiers of designs from established brands, including Yurman. *See* Compl. ¶ 78.  Yurman further avers that the allegations contained in the Complaint evidencing Mejuri's serial copying are far from the only such allegations.  *See, e.g.,* Table 2 (setting out just a few additional examples).

**Table 2**

| Mejuri's Product | Other Designer's Product |
|---|---|
|  Croissant Oval Locket Necklace | David Yurman's Sculpted Cable Locket Amulet |



| Mejuri's Product | Other Designer's Product |
|---|---|
| Dôme Huggies | David Yurman's 18K Yellow Gold Pure Form Earrings |
| Wishbone Studs | Jennifer Meyer's Mini Wishbone Stud Earrings |

| Mejuri's Product | Other Designer's Product |
|---|---|
|  Pavé Diamond Wishbone Studs |  Jennifer Meyer's Diamond Mini Wishbone Stud Earrings in 18K Gold |
|  Diamonds Open Ring |  Zoë Chicco's 14K White Diamond Open Ring |
|  X Ring |  Eva Fehren's Shorty Ring |

| Mejuri's Product | Other Designer's Product |
|---|---|
|  Pavé Diamond X Ring |  Eva Fehren's Shorty Ring with Diamonds |
|  LA Dôme Ring |  David Yurman's Pure Form 18K Gold Diamond Star Ring |
|  Metallic Sphere Ring |  Lagos' Beaded Gold Stacking Ring |

Yurman further avers that social media users have frequently commented on Instagram on Defendants' posts (from its account @mejuri) to call out Defendants for copying other jewelry designers.  Comments include:

- "This is identical to one created by a small woman owned business. She's been making them since 2018. If you like this ring then buy the real deal @shopbreadcircus."

- "@shopbreadcircus did the circle ring first and better! #supportsmallbusiness"

- "[W]hy are you copying the original designs of @shopbreadcircus without credit or profit sharing?"



https://www.instagram.com/p/CRopwa4hV90/?utm_source=ig_web_copy_link

- "BRAZEN"

- "Knock @pamelalove"

- "Wow! These pieces are SO gorgeous, thanks to the original designs of @pamelalove[.] Give credit where credit is due, Mejuri, or better yet, come up with your own damn styles!!"

- "I love this collection from @pamelalove!"

- "looks just like @pamelalove's collection"

- "damn so completely replicating @catbirdnyc's business model while being finance bro backed isn't embarrassing enough? y'all gotta steal from independent designers like @pamelalove too?..."

- "You guys should be ashamed ripping off @pamelalove like this. Pathetic and embarrassing."

- "OMG – are you not embarrassed that you bit the style of @pamelalove's current collection? Shameless"

- "@pamelalove did it better. Shame on you."

- "This shit is Pamela love knockoffs."

- "Way to be a copier and stealer of @pamelalove designs. Not cute walking in the shadows of other designers. Just be original and an ethical jewelry company. Designers that make it far have made and kept those morals and standards. And usually it's common sense…"

- "@mejuri straight up copy @pamelalove so lame"

- "Stealing other artists designs has gotta stop @mejuri! This is a complete copy and paste of Pamela Love's work. This is SO disappointing."







https://www.instagram.com/p/B3msLdfHWkR/?utm_source=ig_web_copy_link

Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and on that basis denies them.

25.    Yurman denies the allegation in paragraph 25 that an "innovative design process led to [Defendants'] Croissant Dôme Collection" and avers that, as shown in the Complaint and in Table 2, Defendants do not engage in an "innovative design process."   To the extent that paragraph 25 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.   Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and on that basis denies them.

26.    Yurman denies the allegations in paragraph 26 that Defendants have an "organic design process" that results in "fresh, thoughtful jewelry designs," and directs Defendants to the Complaint and to Table 2 which directly rebuts such allegations. To the extent that paragraph 26

purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26, and on that basis denies them.

27.     To the extent that paragraph 27 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and on that basis denies them.

28.     Yurman admits that August 2019 was approximately two years before the filing of its Complaint.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and on that basis denies them.

29.     Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies them.

## MEJURI'S CLAIMS LACK MERIT

### A.     Yurman's Trade Dress Is Distinctive

30.     Yurman admits that it alleges in its Complaint that it has protectable trade dress in the designs of the Pure Form® Cable Bracelet, the Pure Form® Stack Rings, and the Cable Classics Earrings (hereinafter the "Yurman Trade Dress").   Yurman otherwise denies the allegations in paragraph 30.

31.     Yurman admits that its Trade Dress has achieved consumer recognition, that its cable bracelets are "well-known" and that the Yurman brand and the Yurman Trade Dress are famous. Yurman otherwise denies the allegations in paragraph 31.

32.     Yurman admits that it owns the federal trademark registrations referenced in paragraph 32 and that its cable bracelet design, as well as the Yurman Trade Dress, are protectable trademarks.

33.     Yurman admits that it has not yet filed any application to register the Yurman Trade Dress with the United States Patent and Trademark Office.   Yurman further admits that it has not previously filed a lawsuit alleging infringement of the Yurman Trade Dress.   Yurman otherwise denies the allegations in paragraph 33.

### 1.     Yurman's Pure Form® Cable Bracelet Is Distinctive

34.     Yurman denies the allegations in paragraph 34.

35.     Yurman denies the allegations in paragraph 35.

36.     Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and on that basis denies them.

37.     Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies them.

38.     Yurman denies the allegations in paragraph 38.

39.     Yurman admits that it released its Pure Form® Cable Bracelet in August 2016, Compl ¶ 39, and denies the remaining allegations of paragraph 39.

40.     Yurman admits that it does not specifically identify consumer studies in its Complaint, and denies the remaining allegations of paragraph 40.

41.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 41.

**2.     Yurman's Pure Form® Stack Rings Are Distinctive**

42.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 42.

43.     Yurman denies the allegations in paragraph 43.

44.     Yurman denies the allegation that Yurman "claims trade dress rights in the stacked characteristic of The Pure Form® Stack Rings," in part because, as alleged in its Complaint, the trade dress of the Pure Form® Stack Rings is a "composite of various distinct features," which include the stacked characteristic.  *See* Compl. ¶ 41-42.  Yurman otherwise denies the allegations in paragraph 44.

45.     Yurman denies the allegations in paragraph 45.

46.     Yurman admits that it released its Pure Form® Stack Rings in August 2016, Compl. ¶ 44, and denies the remaining allegations of paragraph 46.

47.     Yurman admits that it does not specifically identify consumer studies in its Complaint, and denies the remaining allegations of paragraph 47.

48.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 48.

### 3.       Yurman's Cable Classics Earrings Are Distinctive

49.       This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 49.

50.       Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and on that basis denies them.

51.       Yurman denies the allegations in paragraph 51.

52.       Yurman admits that it released its Cable Classics Earrings in January 2013, Compl. ¶ 49, and denies the remaining allegations of paragraph 52.

53.       Yurman admits that the advertisement in ¶ 30 of its Complaint does not portray the Cable Classics Earrings, but denies the remainder of the allegations in paragraph 53.

54.       Yurman admits that it does not specifically identify consumer studies in its Complaint, and denies the remaining allegations of paragraph 54.

55.       This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 55.

### B.       Yurman's Alleged Trade Dress Is Not Functional

56.       This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 56.

### 1.       The Features of Yurman's Pure Form® Cable Bracelet Claimed as Trade Dress Are Not Aesthetically Functional

57.       This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 57.

58.       Yurman denies the allegations in paragraph 58.

59.       This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 59.

21

**2.      The Features of Yurman's Pure Form® Stack Rings Claimed as Trade Dress Are Not Aesthetically Functional**

60.      This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 60.

61.      Yurman denies the allegations in paragraph 61.

62.      Yurman denies the allegations in paragraph 62.

63.      This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 63.

**3.      The Features of Yurman's Cable Classics Earrings That It Claims as Trade Dress Are Not Aesthetically Functional**

64.      This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 64.

65.      Yurman denies the allegations in paragraph 65.

66.      This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 66.

**C.      Consumers Are Likely to Confuse Mejuri's Products with Yurman's Alleged Trade Dress**

67.      Yurman denies the allegations in paragraph 67.

**1.      Confusion Between Mejuri's Croissant Dôme Bracelet or Croissant Dôme Cuff Bracelet and Yurman's Pure Form® Cable Bracelet Is Likely**

68.      This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegation that consumers are not likely to confuse Defendants' Croissant Dôme Bracelet with Yurman's Pure Form® Cable Bracelet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and on that basis denies them.

69.      Yurman denies the allegations in paragraph 69.

70.     Yurman denies the allegations in paragraph 70.

71.     Yurman denies the allegations in paragraph 71.

72.     Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and on that basis denies them, but admits that Mejuri's Croissant Dôme Cuff Bracelet is a cuff – i.e., "it does not go all the way around the wrist."

73.     Yurman denies the allegation that Defendants' jewelry is "high quality" and avers, as shown in the Complaint and in Table 1, that Defendants good are not, in fact, "high quality."  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and on that basis denies them

74.     Yurman denies the allegations in paragraph 74.

75.     Yurman admits that its Pure Form® Cable Bracelet retails for $800 to at least $6,500. Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' allegations as to the pricing of Defendants' products and the target customer base of Defendants' products, and on that basis denies them. Yurman denies the remaining allegations in paragraph 75, including that Defendants' jewelry is "fine" and/or "high-quality."

76.     This paragraph sets forth a legal confusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegation that "it is highly unlikely that [Defendants'] consumers would confuse [Defendants'] Croissant Dôme Bracelet or Croissant Dôme Cuff Bracelet with Yurman's Pure Form® Cable Bracelet."  Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76, and on that basis denies them.

77.     Yurman admits that its products are sold to department stores and third-party retailers, among other sales channels. Yurman lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 77, and on that basis denies them.

78.     Yurman denies the allegation that Defendant adopted its designs in "good faith, based on an independent and rigorous design process that was in no way influenced by Yurman's products," and avers that, as shown in the Complaint and in Table 2, Defendants' designs, on information and belief, were not designed in good faith based on a rigorous design process. Yurman denies the remaining allegations in paragraph 78.

79.     Yurman denies the allegation that Defendants' products are "composed of the highest quality materials" and that Defendant has a "reputation for high quality" and avers, as shown in the Complaint and in Table 1, that Defendants' products are not "high quality." Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79, and on that basis denies them.

80.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 80.

**2.     Confusion Between Mejuri's Thin Croissant Dôme and Thin Dôme Rings and Yurman's Pure Form® Stack Rings Is Likely**

81.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 81.

82.     Yurman denies the allegations in paragraph 82.  Paragraph 70 of Yurman's Complaint alleges that consumers have been confused into believing that Defendants' Thin Croissant Dôme Ring and Thin Dôme Ring are related to or associated with Yurman's Pure Form® Stack Rings.

83.     Yurman denies the allegations in paragraph 83, but admits that certain Mejuri products are "hollowed in the interior."

84.     This paragraph sets forth a legal confusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 84.

85.     This paragraph sets forth a legal conclusion to which no response is required. Yurman admits that the protectable trade dress of the Pure Form® Stack Rings consists of a combination of numerous nonfunctional elements.  Yurman denies the remaining allegations in paragraph 85.

86.     Yurman admits that its Pure Form® Stack Rings retail for $500 to at least $2,200. Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendant's allegations as to the pricing of Defendants' products, and on that basis denies them. Yurman denies the remaining allegations in paragraph 86, including the allegation that Defendant has an "innovative model" and sells "high-quality" jewelry. Yurman directs Defendants to the Complaint, and Tables 1 and 2, which directly rebut the allegations in paragraph 86.

87.     Yurman admits that its products are sold to department stores and third-party retailers, among other sales channels. Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87, and on that basis denies them.

88.     Yurman denies the allegations in paragraph 88.

89.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 89.

**3.     Confusion Between Mejuri's Croissant Dôme Hoops and Yurman's Cable Classics Earrings Is Likely**

90.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 90.

91.     Yurman denies the allegations in paragraph 91.   Paragraph 72 of Yurman's Complaint alleges that consumers have been confused into believing that Defendants' Thin Croissant Dôme Hoops are related to or associated with Yurman's Cable Classic Earrings.

92.     Yurman denies the allegations in paragraph 92.

93.     Yurman denies the allegations in paragraph 93.

94.     Yurman admits that its Cable Classics Earrings retail for $300. Yurman denies the allegation that Defendant has an "innovative model" and sells "high-quality" jewelry and avers, as shown in the Complaint and in Tables 1 and 2, that Defendants' designs are neither "innovative" nor "high-quality."   Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' allegations as to the pricing of Defendants' products, and on that basis denies them. Yurman denies the remaining allegations in paragraph 94.

95.     Yurman admits that its products are sold to department stores and third-party retailers, among other sales channels. Yurman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95, and on that basis denies them.

96.     Yurman denies the allegation that Defendants adopted its designs "in good faith, as part of an independent and rigorous design process that was in no way influenced by Yurman's products," and avers, as shown in the Complaint and in Table 2, that Defendants' design process was not adopted in "good faith as part of an independent and rigorous design process." Yurman denies the remaining allegations in paragraph 96.

97.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 97.

### D.       Mejuri Associates Itself with Yurman

98.     Yurman admits that its Complaint alleges that Defendants' ethos, marketing, and advertising creates a false association with Yurman, confusing consumers and diluting the distinctiveness of Yurman's trade dress.  Yurman denies the remaining allegations in paragraph 98. Yurman specifically denies the allegation that Defendants' "entire strategy and mission is to differentiate itself from other companies in the jewelry industry" because, on information and belief, each Defendant is a serial copyist that has copied designs from companies including Yurman, Boucheron, and LAGOS. *See* Compl ¶ 78. Yurman directs Defendants to the Complaint and to Table 2, which demonstrates Defendants' propensity to copy Yurman's designs, as well as other established jewelry brands' designs.

99.     Yurman denies the allegations in paragraph 99.

100.    Yurman admits that it includes allegations in its complaint of Mejuri's "stacking" of its products. Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' remaining allegations in paragraph 100, and on that basis denies them.

101.    Yurman denies the allegation that consumers "by no means associate stacking exclusively with Yurman," and lacks knowledge or information sufficient to form a belief as to the truth of Defendants' remaining allegations in paragraph 101, and on that basis denies them.

102.    Yurman admits that it includes allegations in its complaint of Mejuri posting an Instagram image of supermodel Emily Didonato on September 24, 2021 wearing Defendants' jewelry eleven days after Yurman posted a picture of Ms. Didonato wearing Yurman's jewelry on Twitter. Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' remaining allegations in paragraph 102, and on that basis denies them.

103.    Yurman denies the allegations in paragraph 103, and specifically denies, on information and belief the allegation that Defendants have "no desire to be associated with Yurman or its products."

**E.    Mejuri Dilutes Yurman's Alleged Trade Dress Under New York State Law**

**1.    Mejuri's Croissant Dôme Cuff Bracelet Dilutes Yurman's Pure Form® Cable Bracelet by Blurring**

104.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 104.

105.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 105.

106.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 106.

107.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 107.

108.    Yurman denies the allegations in paragraph 108.

**2.    Mejuri's Croissant Dôme Cuff Bracelet Dilutes Yurman's Pure Form® Cable Bracelet by Tarnishment**

109.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 109.

110.    Yurman admits that it alleges that, on information and belief, Defendants' Croissant Dôme Cuff Bracelet is made of an inferior composition and possesses a hollowed-out interior thereby diluting Yurman's Pure Form® Cable Bracelet. Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' allegations that its jewelry is made with "the highest quality materials" and that Defendant "adheres to strict quality control standards to ensure that its products are defect free," and on that basis denies them. To the extent

28

that paragraph 110 purports to quote from publicly available materials, Yurman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and on that basis denies them, and refers to those materials themselves for a true and correct statement of their contents.  Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' remaining allegations in paragraph 110, and on that basis denies them.

111.    Yurman lacks knowledge or information sufficient to form a belief as to the truth of Defendants' allegations in paragraph 111, and on that basis denies them.

**3.    Mejuri's Thin Croissant Dôme Ring and Thin Dome Ring Dilute Yurman's Pure Form® Stack Rings by Blurring**

112.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 112.

113.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 113.

114.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 114.

**4.    Mejuri's Thin Croissant Dôme Ring and Thin Dome Ring Dilute Yurman's Pure Form® Stack Rings by Tarnishment**

115.    This paragraph sets forth a legal conclusion to which no response is required. Yurman admits that it alleges that, on information and belief, Defendants' Thin Croissant Dôme Ring and Thin Dôme Ring are easily tarnished even without any wear and tear and possess a hollowed-out interior thereby diluting Yurman's Pure Form® Stack Rings, and denies the remainder of the allegations in paragraph 115.

116.    Yurman denies the allegation that Defendants' products were "thoughtfully designed." This paragraph also sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 116.

**5.    Mejuri's Croissant Dôme Hoops Dilute Yurman's Cable Classics Earrings by Blurring or Tarnishment**

117.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 117.

118.    Yurman denies the allegations in paragraph 118. To the extent this paragraph sets forth a legal conclusion, no response is required.

119.    Yurman denies the allegations in paragraph 119. To the extent this paragraph sets forth a legal conclusion, no response is required.

**6.    Mejuri's Croissant Dôme Hoops Dilute Yurman's Cable Classics Earrings by Tarnishment**

120.    Yurman admits that it alleges that, on information and belief, Defendants' Croissant Dôme Hoops are easily tarnished even without any wear and tear and possess a hollowed-out interior thereby diluting Yurman's Cable Classics Earrings, and denies the remainder of the allegations in paragraph 120. To the extent this paragraph sets forth a legal conclusion, no response is required.

121.    Yurman denies the allegation that Defendants' products were "thoughtfully designed." This paragraph also sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 121.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NO PROTECTABLE TRADE DRESS)

122.   Yurman incorporates its answers to the foregoing paragraphs as if set forth fully herein.  To the extent that paragraph 122 contains any allegations that have not been addressed above, Yurman denies them.

123.   Yurman admits that Defendants are seeking to bring a claim of declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

124.   Yurman admits it has alleged that it owns rights in its trade dress and that Defendants infringe those rights.

125.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 125.

126.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 126.

127.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 127.

128.   Yurman admits that this Court has jurisdiction over the subject matter of this action, but denies that Defendants' counterclaim has any merit.

129.   Yurman admits that Defendants seek declaratory judgment from this Court that the Yurman Trade Dress is not protectable trade dress and that Yurman has no trade dress rights in the Yurman Trade Dress, but denies that Defendants have fully pled a claim upon which relief may be granted.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

130.    Yurman incorporates its answers to the foregoing paragraphs as if set forth fully herein.  To the extent that paragraph 130 contains any allegations that have not been addressed above, Yurman denies them.

131.    Yurman admits that Defendants are seeking to bring a claim of declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

132.    Yurman admits that it alleges infringement of the Yurman Trade Dress by Defendants.

133.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 133.

134.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 134.

135.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, Yurman denies the allegations in paragraph 135.

136.    Yurman admits that this Court has jurisdiction over the subject matter of this action, but denies that Defendants' counterclaim has any merit.

137.    Yurman admits that Defendants seek declaratory judgment from this Court that it has not infringed or violated, and does not infringe or violate, any of Yurman's rights with respect to the Yurman Trade Dress and does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), but denies that Defendants have fully pled a claim upon which relief may be granted.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NO DILUTION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l)**

138.    Yurman incorporates its answers to the foregoing paragraphs as if set forth fully herein.  To the extent that paragraph 138 contains any allegations that have not been addressed above, Yurman denies them.

139.    Yurman admits that Defendants are seeking to bring a claim of declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

140.    Yurman admits that it alleges that Defendants' use of the Yurman Trade Dress is likely to cause dilution, by blurring the product identification of the Yurman Trade Dress, and by tarnishing the Yurman Trade Dress in violation of New York General Business Law § 360-l.

141.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Yurman denies the allegations in paragraph 141.

142.    Yurman admits that this Court has jurisdiction over the subject matter of this action, but denies that Defendants' counterclaim has any merit.

143.    Yurman admits that Defendants seek a declaratory judgment from this Court that it has not diluted or violated, and does not dilute or violate, any of Yurman's rights with respect to the Alleged Trade Dress and does not violate New York General Business Law § 360-l, but denies that Defendants have fully pled a claim upon which relief may be granted.

**GENERAL DENIAL**

Yurman denies each and every allegation in Defendants' Counterclaims not expressly admitted above.

**RESPONSE TO PRAYER FOR JUDGMENT AND RELIEF**

Yurman denies that Defendants are entitled to any remedy or relief and denies that Defendants' counterclaims have merit.

**RESPONSE TO DEMAND FOR JURY TRIAL**

Yurman does not object to a trial by jury on all issues so triable.


**AFFIRMATIVE DEFENSES**

Yurman asserts the following affirmative and other defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden rests on Defendants as a matter of law. Yurman reserves the right to assert additional defenses as further information is obtained.

### First Affirmative Defense – Failure to State a Claim

Defendants' Counterclaims, or one or more claims for relief set forth therein, fail to state a claim upon which relief can be granted.

### Second Affirmative Defense – Reservation of Additional Defenses

Yurman reserves the right to assert any additional defenses based upon information obtained or learned during the course of this lawsuit including in discovery.


[signature page follows]

Dated: April 1, 2022                    Respectfully submitted,
       New York, New York

                                        /s/ *John M. Neukom*
                                        John M. Neukom  (*pro hac vice*)
                                        DEBEVOISE & PLIMPTON LLP
                                        650 California Street
                                        San Francisco, CA 94108
                                        Tel.: (415) 738-5700
                                        Fax: (415) 644-5628
                                        jneukom@debevoise.com

                                        Megan K. Bannigan
                                        Marissa P. MacAneney
                                        DEBEVOISE & PLIMPTON LLP
                                        919 Third Avenue
                                        New York, New York  10022
                                        (212) 909-6127
                                        mkbannigan@debevoise.com
                                        mpmacaneney@debevoise.com

                                        *Attorneys for Plaintiffs David Yurman*
                                        *Enterprises LLC, David Yurman IP LLC,*
                                        *and Yurman Retail North America LLC*